## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

MICHAEL FLINN,

AND

AMELIA FLINN,

                Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
SERVE: Troutman Sanders, LLP, Registered Agent
      1001 Haxall Point
      Richmond, VA 23219
RIVERSIDE FEDERAL CREDIT UNION.,
SERVE: 245 Vulcan Street
      Buffalo, NY 14207
CAPITAL ONE BANK.,
SERVE: Corporation service company, Registered Agent
      Bank of America Center, 16th Floor
      1111 East Main Street
      Richmond, VA 23219
DEPARTMENT STORES NATIONAL BANK,
SERVE: Edward R. Parker, Registered Agent
      5511 Staples Mill Road
      Richmond, VA 23228
SYNCHRONY BANK,
SERVE: CT Corporation System, Registered Agent
      4701 Cox Rd., Suite 285
      Glen Allen, VA 23060
TD BANK, N.A.,
SERVE: Corporation Service Company, Registered Agent
      Bank of America Center, 16th Floor
      1111 East Main Street
      Richmond, VA 23219
AMERICAN EXPRESS.,
SERVE: CT Corporation System, Registered Agent
      111 Eighth Avenue
      New York, New York 1011

Civ. No.    3:18-cv-00066-MHL

1

JP MORGAN CHASE BANK, N.A.,
SERVE: CT Corporation System, Registered Agent
    4701 Cox Rd., Suite 285
    Glen Allen, VA 23060

        Defendants.

## COMPLAINT

Plaintiffs, MICHAEL FLINN and AMELIA FLINN (hereafter "Plaintiffs" or "Mr. Flinn" and "Mrs. Flinn", respectively), by counsel, and for their Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §§ 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by the FRCA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as the Defendants maintain registered offices within the boundaries of the Eastern District of Virginia, Plaintiff resides in this District and Division and significant part of the Plaintiffs' claims occurred in the Eastern District of Virginia.

### PARTIES

4. Plaintiffs Amelia Flinn and Michael Flinn, are consumers, natural persons and citizens of the United States of America whom presently reside in Glen Allen, Henrico

County, Virginia. Plaintiffs are "Consumers" as defined by the FCRA, 15 U.S.C. § 1681(a).

5. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Experian is a "consumer reporting agency," or "CRA" as defined by 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

7. Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. Riverside Federal Credit Union, offers credit and loan services. Riverside Federal Credit Union has its principal place of business located at 245 Vulcan Street, Buffalo, NY 14207.

9. Riverside Federal Credit Union is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

10. Capital One Bank, the bank utilized by Kohl's for their credit cards, offers credit services. Capital One Bank has its principal place of business located in Richmond, VA.

11. Capital One Bank is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

12. Department Stores National Bank, a subsidiary of Citibank, N.A. and the bank of Macy's credit card holders, offers credit services. Department Stores National Bank has its principal place of business is located at 701 East 60th Street, Sioux Falls, SD 57104.

13. Department Stores National Bank is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

14. Synchrony Bank, the bank of Dillard's credit card holders, offers credit services. Synchrony Bank has its principal place of business is located in Draper, UT.

15. Synchrony Bank is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

16. TD Bank, N.A., the bank of Target credit card holders, offers credit services. TD Bank, USA, N.A., has its principal place of business in Cherry Hill, NJ.

17. TD Bank, N.A., is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

18. American Express, offers credit and loan services. American Express has its principal place of business is located in New York, NY.

4

19. American Express is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

20. JPMorgan Chase Bank, N.A., offers credit and loan services. JPMorgan Chase Bank, N.A has its principal place of business is located in New York, NY.

21. JPMorgan Chase Bank, N.A is in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" or "furnisher" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).

22. All Defendants, excluding Experian, will be collectively referred to as "Defendant furnishers" or "Furnishers".

23. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

24. Plaintiffs are informed and believe, and on that basis, allege that all Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTS

25. On or about May 12, 2015, Plaintiffs filed for Chapter 7 bankruptcy.

26. On or about August 24, 2015, Plaintiffs' bankruptcy was discharged.

27. Sometime in early 2017, Plaintiffs obtained their credit reports from Experian, Equifax, and Transunion.

28. Plaintiffs found several errors on their credit reports relating to accounts that were discharged in bankruptcy.

29. For instance, Mrs. Flinn found the following accounts reporting inaccurately; Synchrony Bank account number 374354xxxx, Macy's account number 43511164xxxx, Kohl's account number 639305xxxx, Riverside FCU account number 312000xxxx, TD Bank/Target account number 662666xxxx.

30. Some of Mrs. Flinn's accounts were reporting with a remaining balance due and all were reporting as "charged off" rather than discharged or included in Bankruptcy.

31. All of the accounts were included in Mrs. Flinn's bankruptcy.

32. On or about March 25, 2017, Mrs. Flinn mailed dispute letters to Equifax, Experian, and Transunion.

33. On or about March 31, 2017, Equifax responded to Mrs. Flinn's dispute. They updated her credit report to accurately show her relevant accounts as "included in bankruptcy" with a $0.00 balance.

34. On or about April 3, 2017 Experian responded to Mrs. Flinn's disputes.

35. Experian continued to report all her relevant accounts inaccurately as "charged off" and some with inaccurate balances.

36. On or about April 20, 2017 Transunion responded to Mrs. Flinn's dispute by updating and correcting the information for all her relevant accounts. They updated her credit report to accurately show her relevant accounts as "included in bankruptcy" with a $0.00 balance.

37. On or about July 10, 2017, Mrs. Flinn pulled her Experian report to see if any of her relevant accounts had been updated.

38. Mrs. Flinn noticed that her relevant accounts were still reporting inaccurately and also noticed that the accounts had sporadic "FP" marks on her payment histories. FP means "failure to pay."

39. On or about October 2, 2017, Mrs. Flinn sent another dispute letter to Experian in an attempt to correct the inaccurate information that remained on her credit report.

40. On November 9, 2017, Experian responded to her October 2, 2017 dispute letter.

41. Experian did not correct the inaccurate reporting on Mrs. Flinn's accounts. Further, Experian was not reporting her bankruptcy at all.

42. Mrs. Flinn's accounts were reporting as follows:

    a. Kohl's – balance of $2,528. Charged-off. Reported as "FP" for September-December of 2011, May of 2015, July 2015, and August 2015.

    b. Macy's – Charged-off. "FP" for several months in 2015, all of 2016, and January through October of 2017.

    c. Riverside FCU – Balance of $1,221. Charged-Off. "FP" for July of 2016 – October of 2017.

    d. Synchrony Bank – "FP" from March 2012 through July 2015.

    e. Target – Balance of $585. Charged-off. "FP" from February 2012 through October 2017.

43. All of the above accounts should be reporting as "included in bankruptcy", they should have a $0 balance, and should not be reporting "FP" any time during the bankruptcy (May 2015 through August 2015) or after the bankruptcy was discharged.

44. Mr. Flinn found the following accounts reporting inaccurately; AMEX account number 34991473065xxxx, Chase card account number 426690xxxx, Chase card account number 41474xxxx.

45. Mr. Flinn was attempting to correct his Experian and Transunion credit reports around the same time his wife was.

46. Similar to Mrs. Flinn, some of Mr. Flinn's accounts were reporting a remaining balance due and all his relevant accounts were inaccurately reporting as "charged off".

47. All the identified accounts should have been reporting a $0.00 balance and as discharged or included in bankruptcy.

48. On or about February 17, 2017, Mr. Flinn mailed a dispute letter to Transunion.

49. On or about March 27, 2017 Transunion responded to Mr. Flinn's February 17th dispute.

50. Transunion deleted the disputed inaccurate information.

51. On or about March 25, 2017, Mr. Flinn mailed a dispute letter to Experian asking them to update and correct the inaccurate information.

52. Experian never responded to his March 25th dispute letter.

53. On or about July 10, 2017, Mr. Flinn pulled his Experian report to see if any of his relevant accounts had been updated.

54. Mr. Flinn noticed that his relevant accounts were still reporting inaccurately.

55. On or about October 18, 2017 Mr. Flinn pulled his Experian credit report again to check the status of his previously disputed accounts.

56. Mr. Flinn's relevant accounts were reporting as follows:

    a.  AMEX account number 34991473065xxxx is reporting as "charged off".

    b.  Chase card account number 41474xxxx is reporting as "charged off" with a past due amount of $6407.00.

    c.  Chase card account number 41474xxxx is reporting as "charged off" with a past due amount of $10683.00.

57. Mr. Flinn's bankruptcy was not reporting at all on his Experian credit report.

58. The inaccurate reporting by Defendant Experian has caused Plaintiffs' credit to be damaged, which is especially detrimental when a person is trying to rebuild their credit after a bankruptcy.

59. Due to the inaccurate reporting and damaged credit reports, Plaintiffs have been denied credit and have been given inflated interest rates on credit that they have been given.

60. Plaintiffs were denied financing for a mattress.

61. Plaintiffs were given a 24% interest rate when financing a new washing machine.

62. The inaccurate reporting of Plaintiffs' discharged accounts on Plaintiffs' credit reports have caused Plaintiffs emotional distress, mental anguish, lost time from work, and physical suffering including but not limited to loss of sleep and nausea.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (Experian)

63. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Experian violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

65. As a result of Experian's violations of 15 U.S.C. §1681e(b), Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

66. The violations by Experian were willful, rendering the Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

67. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (Experian)

68. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiffs' credit files.

70. As a result of Experian's violations of 15 U.S.C. §1681i(a)(1), Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

71. The violations by Experian were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

72. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(2)(A)
### (EXPERIAN)

73. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. Experian violated 15 U.S.C. §1681i(a)(2)(A) by failing to provide Defendant Furnishers with all the relevant information regarding the Plaintiffs' disputes.

75. As a result of Experian's violations of 15 U.S.C. §1681i(a)(2), Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

76. The violations by Experian were willful, rendering Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles the Plaintiffs to recovery under 15 U.S.C. §1681o.

77. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
#### (Experian)

78. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. Experian violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiffs' credit file or modify the item of information upon a lawful reinvestigation.

80. As a result of Experian's violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

81. The violations by Experian were willful, rendering the Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, which entitles Plaintiffs to recovery under 15 U.S.C. §1681o.

82. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
#### (Defendant Furnishers)

83. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

84. On at least one occasion within the past two years, by example only and without limitation, all Defendant Credit Furnishers violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiffs' disputes.

85. When the Plaintiffs mailed their disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers. It is an automated system and the procedures used by the CRAs are systemic and uniform.

86. When a CRA receives a consumer dispute, it (usually via an Indian outsource vendor), translates that dispute into an "ACDV" form.

87. The ACDV form is the method by which the furnishers have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

88. It is extremely rare – certainly less than 1% of the time – that a furnisher will receive a consumer's dispute sent through the CRAs other than through the e-Oscar system.

89. On information and belief, Plaintiffs allege that to date, Defendant furnishers, have never complained to the CRAs about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

90. If a Defendant furnisher receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

91. Based on the manner in which the Experian responded to Plaintiffs' disputes, representing that they had "verified" the supposed accuracy of its reporting, Plaintiffs allege that Experian did in fact forward the Plaintiff's dispute via an ACDV to the Defendant furnishers.

92. Defendant furnishers understood the nature of Plaintiffs' disputes when they received the ACDVs from Experian.

93. When Defendant furnishers received the ACDVs from Experian, they as well could have reviewed its own system and previous communications with the Plaintiffs and discovered that they had filed bankruptcy in May of 2015, and all of the relevant debts had been discharged.

94. Notwithstanding the above, Defendant furnishers follow a standard and systemically unlawful process when they receive the ACDV dispute. Basically, all that furnishers do is review their own internal computer screens for the account and repeat back to the ACDV system the same information that the furnisher already had reported to the CRAs.

95. When furnishers receive a consumer dispute through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

96. As a result of the Defendant furnishers violations of 15 U.S.C. §1681s-2(b)(1)(A), the Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

97. The violations by Defendant furnishers were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, the Defendant furnishers were negligent, which entitles the Plaintiffs to recovery under 15 U.S.C. §1681o.

98. The law in this District, the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

99. Defendant furnishers were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding the Plaintiffs' disputes.

100.   Many of the Defendant furnishers have been sued numerous times for their alleged failures to conduct lawful FCRA investigations.

101.   On information and belief, the Plaintiffs allege that the procedures followed regarding the their FCRA disputes through e-Oscar were the procedures that the Defendant furnishers intended its employees or agents to follow.

102.   On information and belief, the Plaintiffs allege that Defendant furnishers' employees or agents did not make a mistake (in the way in which he or she followed their employers' procedures) when he or she received, processed and responded to Experian's ACDVs.

103.   Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant furnishers in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(B)**
**(Defendant Furnishers)**

104.    Plaintiffs reallege and incorporates all other factual allegations set forth in the Complaint.

105.    On one or more occasions within the past two years, by example only and without limitation, Defendant furnishers of information violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

106.    As Plaintiffs detailed in Count Seven, Defendant furnishers have elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

107.    Defendant furnishers are aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

108.    Defendant furnishers do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

109.    Defendant furnishers understood that Plaintiffs' disputes stated that they filed bankruptcy in May 2015 and the relevant debts have been discharged.

110.    Nevertheless, Defendant furnishers ignored such information and instead simply regurgitated the same identifying information it had previously reported to the CRAs.

111.    As a result of Defendant furnishers' violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiffs suffered actual damages which have been further described in the "Facts" section above.

112.    The violations by Defendant furnishers were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, Defendant furnishers were negligent, which entitles the Plaintiffs to recovery under 15 U.S.C. §1681o.

113. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant furnishers in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment for actual, statutory and punitive damages against Defendants; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,
Susan M. Rotkis

By_____/s/_____
Counsel

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: srotkis@clalegal.com
*Counsel for Plaintiffs*