**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| MICHAEL FLINN, *et al*. | **Civil Action No. 3:18-cv-00066-MHL** |
| Plaintiffs, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.,* | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
RIVERSIDE FEDERAL CREDIT UNION'S MOTION TO DISMISS**

Plaintiff Michael Flinn ("Mr. Flinn") and Plaintiff Amelia Flinn ("Mrs. Flinn") (collectively, "Plaintiffs"), by and through their undersigned counsel, submit this Opposition to Defendant Riverside Federal Credit Union's ("Defendant Riverside") Motion to Dismiss.

## I.    Introduction

Plaintiffs Michael Flinn and Amelia Flinn filed a Complaint (Doc. 1) on January 21, 2018, against multiple Defendants, including Defendant Riverside, alleging violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. In the Complaint, Plaintiff Mr. Flinn alleges that Defendants Experian Information Solutions, Inc., American Express and JP Morgan Chase Bank, N.A. violated the FCRA. Mr. Flinn pulled his Experian credit report and noticed that his AMEX account, and two Chase accounts were reporting inaccurately. (Doc. 1 ¶ 44, 46, 47). Mr. Flinn sent Experian a dispute letter requesting that

it update and correct the inaccurate information. The information concerning Mr. Flinn's AMEX and Chase accounts were not updated, and thus violated the FCRA.

In the Complaint, Plaintiff Mrs. Flinn alleges that Defendants Experian, Capital One Bank, Department Stores National Bank, Synchrony Bank, and TD Bank N.A., violated the FCRA. Mrs. Flinn pulled her Experian credit report and noticed that her Synchrony bank account, Macy's account, Kohl's account, Riverside FCU account, and TD Bank/Target account were reporting inaccurately. (Doc. 1 ¶ 29, 30, 31). Mrs. Flinn sent Experian a dispute letter requesting that it update the inaccurate information. The information concerning Mrs. Flinn's Kohl's, Macy's, Riverside FCU, Synchrony Bank, and Target account were not updated and continued to inaccurately report on her Experian credit report – violating the FCRA.

At no point in the Complaint did Mr. Flinn allege anything against Defendant Riverside. The only allegations made against Defendant Riverside were concerning Mrs. Flinn's Riverside FCU account. Defendant Riverside's Motion to Dismiss spends unnecessary time and resources requesting that the Court dismiss the Complaint because Mr. Flinn failed to state any claim against it. Mr. Flinn did not state any claim against Defendant Riverside as seen in the Complaint, and it is only Mrs. Flinn who stated a claim against Defendant Riverside and did so correctly. For these reasons, and the reasons set forth below, Plaintiffs respectfully request that this Court deny Defendant Riverside's Motion to Dismiss in its entirety.

///

///

## II.     Legal Standard

"Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint." *Andrews v. Paxson*, Civil Action No. 3:11-CV-518, 2012 U.S. Dist. LEXIS 19919, at *3 (E.D. Va. Feb. 16, 2012) (*See Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009)). "The question then before the court is whether the complaint contains 'a short and plain statement of the claim showing that the pleader is entitled to relief' in both 'law and fact.'" *Paxson* 2012 U.S. Dist. LEXIS 19919*, at *3-4. (*quoting Giacomelli*, 588 F.3d at 192-93). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 548 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* at "When assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true." *Sanders v. Bank of Am.,* Civil Action No. 1: 16CV78, 2016 U.S. Dist. LEXIS 127092, at *3 (N.D.W. Va. Sep. 19, 2016) (citing *Nemer Chevrolet, Ltd v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009)). Finally, "[i]f the complaint alleges – directly or indirectly – each elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim." *Paxson*, 2012 U.S. Dist. LEXIS 19919 at *4.

Here, Plaintiff Mrs. Flinn has met the legal standard. Mrs. Flinn clearly and indisputably alleges sufficient facts sufficient to state a claim that is plausible on its face. The argument below discusses in detail why this Court should deny in whole Defendant Riverside's Motion to Dismiss.

### III.    Argument

#### A.  Mr. Flinn did not allege a claim against Defendant Riverside and Defendant Riverside spends unnecessary time and resources arguing such.

Defendant Riverside spends unnecessary time and resources arguing that Mr. Flinn has failed to allege a claim against Defendant Riverside and should be dismissed. Plaintiffs will not spend waste time and resources addressing Defendant Riverside's allegations concerning Mr. Flinn. The Complaint (Doc. 1) clearly indicates that it is only Mrs. Flinn who had an account with Defendant Riverside, and it was Mrs. Flinn who disputed the inaccurate information with Defendant Riverside. Nowhere in the Complaint (Doc. 1) does Mr. Flinn allege he had an account with Defendant Riverside, or that Mr. Flinn disputed any information with Defendant Riverside. Therefore, this Court should ignore or strike Defendant Riverside's argument concerning Mr. Flinn because that is not at issue.

#### B.  Mrs. Flinn has pled facts sufficient to allow the Court to draw the reasonable inference that Defendant Riverside is liable for the misconduct alleged.

"[T]o bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the [CRA] of the disputed information, (2) that the [CRA] notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Alston v. Cavalry Portfolio Servs., LLC,* No. 8:12-

CV-03589-AW, 2013 U.S. Dist. LEXIS 24530, at *4 (D. Md. Feb. 22, 2013); *accord Alabran v. Capital One Bank*, No. CIV.A. 3:04CV935, 2005 WL 3338663, at *8 (E.D. Va. Dec. 8, 2005); *Johnson v. MBNA Am. Bank, N.A.,* 357 F.2d 426, 429 (4th Cir. 2004); *Tieffert v. Equifax Info. Servs., LLC*, No. 3:14CV609-HEH, 2014 WL 7240263, at *4 (E.D. Va. Dec. 19, 2014)..

Mrs. Flinn has undeniably established the three elements by pleading such facts in the Complaint. (Doc. 1). Element one has been satisfied as the Complaint clearly states that Mrs. Flinn sent Defendant Experian a dispute letter on March 25, 2017 and again on October 2, 2017. (Doc. 1, ¶¶ 32, 39). Element two has been satisfied as the Complaint clearly states Plaintiff's allegation that Defendant Riverside received notice of the dispute. ("Plaintiffs allege that Experian did in fact forward the Plaintiff's dispute via an ACDV to the Defendant furnishers." Doc. 1, ¶ 91). Element three has been satisfied as the Complaint states that the furnisher "failed to investigate and modify the inaccurate information."; (Doc. 1, ¶ 94-102). It is clear by Plaintiffs' Complaint, that Mrs. Flinn met the legal standard required to survive a motion to dismiss.

Defendant Riverside's Motion argues that the Complaint makes no allegation that Riverside received notice of Mrs. Flinn's dispute and cites to several cases that dismissed FCRA claims due to plaintiff's failure to plead facts sufficient to establish that defendant was notified of the dispute by the CRA. Moreover, Defendant Riverside's Motion to Dismiss is full of language insinuating that Plaintiffs are engaging in "sleight of hand" while Defendant Riverside itself intentionally omits distinguishing facts of cases that the Defendant relies heavily upon as described in detail below.

In *Turner v. JPMorgan Chase, N.A.,* No. TDC-14-0576, 2014 U.S. Dist. LEXIS 136332 (D. Md. Sep. 25, 2015), the court held that the plaintiff "neither alleges that she filed a dispute with the credit reporting agency challenging the accuracy of her credit report, nor that [defendant] had notice of an erroneous report through that reporting agency." *Id.* at *19-20. For these reasons, the *Turner* court granted the defendant's motion to dismiss plaintiff's FCRA claim. Defendant Riverside

The Case before us is distinguishable. First, the Complaint alleges that Mrs. Flinn clearly indicated that she disputed the Riverside account with Experian (a CRA). Second, the Complaint alleges that Defendant Riverside received notice of the dispute from Experian and that Defendant Riverside failed to conduct an investigation as required by the FCRA.

Defendant's reliance on *Jackson v. Convergent Outsourcing, Inc.,* No. RDB-13-1755, 2014 U.S. Dist. LEXIS 23355 (D. Md. Feb. 25, 2014) is also misplaced.  In *Jackson*, the court held that the plaintiff "has not alleged any facts showing that he filed a dispute with the credit reporting agency, that [defendant] received notice of a dispute from any credit reporting agency, or that the information provided by [defendant] was actually inaccurate." *Id.* at *7. For these reasons, the *Jackson* court held that the plaintiff's claim for a violation of the FCRA must be dismissed.

Again, the Case before us is distinguishable. Here, there is not even a scintilla of doubt that Mrs. Flinn did indeed file a dispute with Experian, TWICE! Additionally, a simple reading of the Complaint clearly and unambiguously states that the Defendant

Furnishers, including Defendant Riverside, received notice of the dispute from Experian and that Defendant Riverside failed to conduct an investigation in violation of the FCRA.

Defendant Riverside pretends that relevant allegations in Plaintiffs' complaint were not pled and cites cases where the complaints were dismissed because the plaintiffs failed to dispute the accuracy of their consumer reports with the consumer reporting agencies.  It is clear, this is not such a case because Mrs. Flinn did dispute the accuracy of the Riverside account with Experian, but Riverside failed to conduct a reasonable investigation to assure maximal accuracy.   For these reasons, Defendant Riverside's Motion to Dismiss should be denied in its entirety.

### C.  Plaintiff Mrs. Flinn has adequately pled a claim for damages against Defendant Riverside under the FCRA.

The FCRA imposes civil liability for negligent conduct, 15 U.S.C. § 1681o, or willful conduct, 15 U.S.C. § 1681n, in failing to comply with the FCRA's requirements. Civil liability for negligent noncompliance with the FCRA provides the following relief: (1) "any actual damages sustained by the consumer as a result of the failure; and" (2) "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681o. Civil liability for willful noncompliance with the FCRA provides the following relief: (1) "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;" or (2) punitive damages and (3) "costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n.

To plead a claim for willful noncompliance under the FCRA, "[p]laintiffs must 'show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer.'" *Ausherman v. Bank of Am. Corp.,* 352 F. 3d 896, 900 (4th Cir. 2003) (quoting *Dalton v. Capital Associated Indus., Inc.,* 257 F. 3d 409, 418 (4th Cir. 2001)). "Willfulness under 15 U.S.C. 21 1681n includes a reckless disregard of the plaintiff's rights." *Hill v. Equifax Info. Servs., LLC.,* 974 F. Supp. 2d 865, 876 (M.D.N.C. 2013) (citing *Safeco Ins. Co. Of Am. V. Burr,* 551 U.S. 47, 69 (2007)). In *Safeco,* the Supreme Court of the United States held that "the common law has generally understood [recklessness] in the sphere of civil liability as conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Safeco Ins. Co. Of Am.*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

Defendant Riverside incorrectly states in its Motion to Dismiss that Plaintiffs have not pleaded any facts to support a finding that Defendant Riverside acted with reckless disregard for Plaintiffs' rights. In the Complaint, Plaintiffs state that when the Defendant furnishers (including Defendant Riverside) received the ACDV from Defendant Experian, the Defendants "could have reviewed [their] own system and previous communications with the Plaintiffs and discovered that [the Plaintiffs] had filed bankruptcy in May of 2015, and all of the relevant debts had been discharged." (Doc. 1 ¶ 93). Here, the Complaint clearly alleged that Defendant Riverside was aware of the bankruptcy and the bankruptcy discharge of Mrs. Flinn and because of Defendant Riverside's willful noncompliance of the FCRA, it failed to investigate and report accurate information to Experian. When an

individual declares bankruptcy and subsequently has the bankruptcy discharged, all creditors are put on notice. Defendant Riverside cannot argue that it did not have notice of Mrs. Flinn's bankruptcy and bankruptcy discharge.

It has been more than a decade since the Fourth Circuit decided *Johnson v. MBNA Am. Bank*, putting all furnishers such as Riverside on notice of their duties to conduct a reasonable investigation that of a "detailed inquiry," "systematic examination," a "searching inquiry." 357 F.3d 426, 430 (4th Cir. 2004); *accord Wood v. Credit One Bank*, 277 F.Supp.3d 821, 851 (E.D.Va., Sept. 21, 2017). The allegations in the Complaint are that Riverside failed to conduct such an investigation, but rather relied on the e-Oscar system which is an electronic system designed to perform a perfunctory corroboration of meaningless information already in the furnishers systems. (Doc. 1, ¶¶ 85-102). Therefore, despite having knowledge of the inaccuracy and its duty to investigate, Defendant Riverside knowingly failed to comply with the FCRA when it did not investigate and provide accurate information to Experian.

Moreover, Defendant Riverside's Motion to Dismiss states that Plaintiffs have failed to plead facts to establish that they suffered any actual damages or injuries. In the Complaint, Plaintiffs alleged that "[d]ue to the inaccurate reporting and damaged credit reports, Plaintiffs have been denied credit and have been given inflated interest rates on credit that they have been given." (Doc. 1, ¶ 59). Further, Plaintiffs stated that there were denied financing for a mattress and were given an extremely high interest rate when financing for a new washing machine. (Doc. 1, ¶ 60, 61). These allegations alone are sufficient to established the damages suffered by the Plaintiffs. *Wood v. Credit One Bank*,

277 F.Supp.3d at 844. The inaccuracies on the credit report and damage to the credit report were fundamentally caused by Defendant Experian along with the Defendant furnishers, including Defendant Riverside. The Plaintiffs alleged that when they disputed the inaccuracies on the credit report to Defendant Experian, Defendant Experian notified the Defendant furnishers. Thus, the Defendants, including Defendant Riverside, were all a proximate cause of the actual damages suffered by the Plaintiffs.

**IV.     Conclusion**

For these reasons, Plaintiffs request that the Court deny Defendant Riverside Federal Credit Union's Motion to Dismiss in its entirety.

Respectfully submitted this 1st day of May 2018.

By: /s/ Susan M. Rotkis
Susan M. Rotkis, VSB #40693
Consumer Litigation Associates, P.C.
763 Clyde Morris Blvd. 1-A
Newport News, VA 23601
T: (757) 930-3660
F: (757) 930-3662
E: srotkis@clalegal.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

By: /s/ Susan M. Rotkis
Susan M. Rotkis, VSB#40693
*Counsel for Plaintiffs*